UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

Plaintiff,

Case No. 24-cv-10394
Hon. Matthew F. Leitman

v.

CLINTON VAZQUEZ, *et al.*,

Defendants.

______________________________________/

**ORDER DENYING (1) PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL (ECF No. 48), (2) PLAINTIFF'S MOTION TO HEAR AMENDED COMPLAINT (ECF No. 50), AND (3) PLAINTIFF'S MOTION TO SERVE AMENDED COMPLAINT (ECF No. 51)**

On February 16, 2024, *pro se* Plaintiff Dwight A. Campbell filed this action against Defendants Clinton Vazquez, the Logan Township (Pennsylvania) Police Department (the "LTPD"), and the United States Marshals Service. (*See* Compl., ECF No. 1.) On October 8, 2025, the Court issued an order in which the Court (1) dismissed Campbell's claims against the United States Marshals Service and the LTPD and (2) transferred Campbell's remaining claim against Vasquez to the United States District Court for the Western District of Pennsylvania because that claim was between two Pennsylvania residents that arose exclusively out of conduct that took place in the Western District of Pennsylvania. (*See* Order, ECF No. 35.) Campbell

repeatedly moved the Court to reconsider and vacate that order, and the Court denied those motions. (*See* Order, ECF No. 44.)

Campbell then appealed the Court's ruling to the United States Court of Appeals for the Sixth Circuit. (*See* Notice of Appeal, ECF No. 42.) On March 2, 2026, that court dismissed the appeal for lack of jurisdiction. (*See* Sixth Cir. Order, ECF No. 46.) It did so because it concluded that the Court's dismissal order was "not final because it did not dispose of all claims involved in this action and did not direct entry of a final, appealable judgment under Federal Rule of Civil Procedure 54(b)." (*Id.*)

Campbell has now returned to this Court and filed three motions: (1) a motion to vacate the Court's order of dismissal (ECF No. 48), (2) a motion to allow Campbell to file an Amended Complaint (ECF No. 50), and (3) a motion to serve the Amended Complaint on the Defendants (ECF No. 51). All of Campbell's motions are **DENIED**.

The Court starts with Campbell's motion to vacate the Court's order of dismissal. In that motion, Campbell argues that in light of the Sixth Circuit's conclusion that the Court's dismissal order was not a final order, the Court should vacate that order and reinstate his case. The Court disagrees. Campbell's requested relief does not follow from the Sixth Circuit's ruling. There is no basis to reinstate

Campbell's claims here. Instead, the Court will enter a final, appealable judgment on those claims.

The Court next turns to Campbell's motions to allow him to file an Amended Complaint and to serve that pleading on the Defendants. (*See* Mots., ECF Nos. 50, 51.) In his proposed Amended Complaint, Campbell again raises claims arising out of conduct that took place in the Western District of Pennsylvania. (*See* Proposed Am. Compl., ECF No. 49.) Thus, because those claims would not appropriately be before this Court, it would be futile to allow him to raise those claims in this action. If Campbell wishes to raise claims against Pennsylvania Defendants arising out of conduct that took place in Pennsylvania, he shall attempt to do so in the Pennsylvania action, not this case.

For all of the reasons explained above, Campbell's three pending motions (ECF Nos. 48, 50, 51) are **DENIED**. The Court will now enter a final, appealable judgment against Campbell on the claims that the Court dismissed on October 8, 2025.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126